JOURNAL ENTRY and OPINION
{¶ 1} Appellants Richard Hiu Hing Chu and Cheuk Fung were convicted of one count of engaging in a pattern of corrupt activity, R.C. 2923.32; seven counts of forgery, R.C. 2913.31; seven counts of uttering, R.C. 2913.31; three counts of theft, R.C. 2913.02; three counts of misusing a credit card, R.C. 2913.21; one count of tampering with records, R.C. 2913.42; and one count of possessing criminal tools, R.C.2923.24. On November 16, 1998, appellants were sentenced to six years in prison for engaging in a pattern of corrupt activity and one year on the remaining counts with all counts running concurrent.
 {¶ 2} On December 14, 1998, appellants timely appealed their convictions which were affirmed by this court in State v. Chu and Fung
(Jan. 26, 2000), Cuyahoga App. Nos. 75583, 75689. Thereafter, on March 10, 2000, appellants appealed to the Supreme Court of Ohio which denied their appeal on June 15, 2000. On March 3, 2002 and June 21, 2002, appellants Fung and Chu, respectively, filed motions for delayed application pursuant to App.R. 26(B) to reopen the appellate judgment of this court in State v. Chu and Fung, supra. On June 6, 2002, this court granted in part appellant Fung's application to reopen, and on August 26, 2002, granted appellant Chu's application to reopen. Pursuant to our opinion, appellants raise the following error: The trial court committed reversible error by failing to make the requisite findings, under Ohio Rev. Code 2929.14(B), to support imposition of a prison term longer than the minimum sentence.
 {¶ 3} In the case at bar, the trial court record indicates that the following exchange took place during Chu's sentencing:
 {¶ 4} "THE COURT: We're here on CR365106, Case Captioned State of Ohio versus Cheuk Fung. Let the record reflect that the defendant is present in open court — I'm sorry — with regard to Richard H.
 {¶ 5} Chu.
 {¶ 6} "* * *
 {¶ 7} "And at this time, is there anything further that you wish to say on behalf of your client before we proceed with sentencing?
 {¶ 8} "MR. WILLIS: Yes. The segment of the probation report that I read your honor, reflected inaccurately that the defendant does not have any prior convictions. He's married. He's a student. He lives with his wife and his young son or daughter — son, I believe, with his parents, who maintain some semblence of a family relationship and supports him as he attempts to make his way through college. His wife also attends college.
 {¶ 9} "I'm hopeful that the Court will see in this case that this is one whereby all of the property that supposedly or had, in fact, been taken, according to the jury, by the defendant, was not lost,
 {¶ 10} and all that I can see is possibly a couple thousand dollars as a loss that has been sustained by several of the stores, perhaps maybe the air line (sic). And I'm hopeful that the Court will take this all into consideration and view this as basically a theft case and sentence defendant and hopefully the defendant qualifies for lenient considerations.
 {¶ 11} "THE COURT: And on behalf of the State of Ohio, do you wish to be heard?
 {¶ 12} "MS. TRAVIS: Your Honor, the State has no comments with respect to sentencing. We have another motion, if you would like to hear it now.
 {¶ 13} "* * *
 {¶ 14} "THE COURT: All right. And on behalf of yourself Mr. Chu, anything that you want to say?
 {¶ 15} "THE DEFENDANT: No ma'am.
 {¶ 16} "THE COURT: I've had an opportunity to review the pre-sentence report in this case, as well as obviously having presided over the trial, and the evidence demonstrated in this case that this was a very involved scheme that you entered into to defraud not only the people within the Greater Cleveland area, but apparently to continue this course of conduct throughout the Midwest and into the western states, and the fact that your conduct was stopped by law enforcement is not something to your credit.
 {¶ 17} "Further, with regard to your claims that you're 28 years old and you're a student, I had a note to the probation department to confirm your attendance at San Jose State.
 {¶ 18} "The report indicates that you're 28 years old, married with a child, that you live with your parents, that you're a welfare recipient and that's apparently how you support yourself. Do you
 {¶ 19} have any other type of employment?
 {¶ 20} "* * *
 {¶ 21} "THE COURT: * * * The Court finds that according to Senate Bill II there is a presumption in favor of incarceration for this offense. You have not accepted responsibility for your conduct in this matter. Therefore, you are going to be sentenced as follows: You were sentenced to a definite term of imprisonment for a period of six years at the Lorain Correctional Institute, costs are imposed. You are also ordered to pay restitution in this case. * * *
 {¶ 22} "* * *
 {¶ 23} "MR. WILLIS: * * * Could I make one other note? And I really don't want to belabor this. The Court indicated six years, but there was more than one count. Is the Court —
 {¶ 24} "THE COURT: I gave six years with regard to the RICO counts. With regard to the balance of each count of the indictment, the defendant is sentenced to a definite term of imprisonment of one year on each count concurrently."
 {¶ 25} During Mr. Fung's sentencing, the trial court record indicates that the following exchange took place:
 {¶ 26} "THE COURT: We're here on 365106, case captioned State of Ohio versus Cheuk Fung. Let the record reflect that the defendant is present in open court represented by counsel.
 {¶ 27} "On a former occasion, the defendant was convicted in a trial by jury, and we're here at this time for sentencing. Did you have a statement for the Court on behalf of your client?
 {¶ 28} "MR. WILLIS: Thanks very much, your Honor. Your Honor, I have had a chance to review the presentence report, and I spoke with my client yesterday. This is an unfortunate incident involving some people who came to Cleveland, and the jury rendered a verdict finding the two co-defendants guilty.
 {¶ 29} "We would request that the Court give whatever leniency that it could give to Mr. Fung. And in my opinion, he's the least culpable of all three co-defendants in this matter.
 {¶ 30} "We're talking about a person who was born in Hong Kong, who does not own a computer, finished the 9th grade, has no criminal record, and probably just made the mistake of being with the wrong people and trying to do something quickly that he shouldn't have done and using some bad judgment.
 {¶ 31} "Mr. Fung was employed in California, and but for this he's trying to do what we consider to be the right thing. Therefore, we would ask whatever leniency the Court might consider giving Mr. Fung due to all the circumstances. We would appreciate it. Thank you very much.
 {¶ 32} "* * *
 {¶ 33} "THE COURT: * * * And is there anything that you wish to say on your own behalf, Mr. Fung?
 {¶ 34} "DEFENDANT FUNG: No.
 {¶ 35} "THE COURT: And I see here that in 1992 in San Francisco you were arrested for kidnapping, extortion and criminal conspiracy, and that case was dismissed for lack of sufficient evidence.
 {¶ 36} "* * *
 {¶ 37} "THE COURT: I had an opportunity, as previously indicated, to preside over the trial of this case. There is a presumption in favor of incarceration under Senate Bill II for these matters.
 {¶ 38} "While you don't — you're not going to be punished for declining to enter into a plea agreement in this matter, you don't have a constitutional right to commit perjury.
 {¶ 39} "You got up on the stand during the course of this trial and you lied about your involvement in this case. And contrary to statements made to the probation department, you misrepresented what you did to support yourself in California.
 {¶ 40} "Apparently, you've been hanging around the wrong people most of your adult life according to your conduct you've engaged in as reflected by your criminal history. I don't find you to be less culpable in this case than your co-defendant. You are sentenced to six years at LCI. Credit for time served. * * *"
 {¶ 41} The Supreme Court of Ohio directs that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum. State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131.
 {¶ 42} R.C. 2929.14(B) provides in part, "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 43} According to R.C. 2929.14(A), the prison term for a felony of the second degree is two, three, four, five, six, seven, or eight years in prison. As confirmed by both Mr. Fung's and Mr. Chu's presentence report, neither have before served a prison term. However, in each case the court failed to state either of the two sanctioned reasons why it diverted from the minimum sentence.
 {¶ 44} In their brief, the State of Ohio concedes this issue but asks this court to use its authority pursuant to R.C. 2953.08(G)(2)(b) to issue new sentencing entries which specify findings that would support appellants' original sentences. The State argues that the lower court did not abuse its discretion by sentencing the appellants to six years in prison and that the record before this court, "sets forth an abundance of reasons that justify the greater-than-minimum sentence that was originally imposed * * *."
 {¶ 45} While this court recognizes its authority to modify the sentences in this matter, we find that the trial court is in the better position to determine if the shortest prison term would demean the seriousness of the appellants' conduct or would not adequately protect the public from future crime by the appellants. State v. Jones (2001),93 Ohio St.3d 391, 754 N.E.2d 1252.
 {¶ 46} Accordingly, we vacate appellants' sentences and remand them for resentencing.
The appellants' sentences are vacated and remanded for resentencing.
It is, therefore, ordered that appellants recover of said appellee their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TIMOTHY E. McMONAGLE, J., CONCUR.